## Thompson v. Commonwealth.

(Decided Nov. 19, 1935.)

. HEBRON LAWRENCE and J. C. CARTER, Jr., for appellant.

BAILEY P. WOOTTON, Attorney General, and RAY L. MURPHY, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—Affirming.

Clarence Thompson appeals from a four-year sentence for manslaughter.

The facts are fully set out in Ford (Claud) v. Commonwealth, 259 Ky. 492, 82 S. W. (2d) 785, and Ford (Clay) v. Commonwealth, 260 Ky. 138, 84 S. W. (2d) 66. For the purpose of this case, it is sufficient to say that on the night of the first Monday in March, 1934, appellant, Clay Ford, Claud Ford, Otto Ford, Fred Thompson, and the deceased, Sam Hammer, were en route home from Tompkinsville, and all of them were more or less intoxicated and quarrelsome. On reaching a point near the home of P. W. Murphy, Clay Ford and Hammer engaged in a fight. Other persons present interfered and separated the two, and Hammer received a severe blow on the head and other injuries from which he died. After he was arrested, appellant stated to Barlow Bryant, sheriff of Monroe county, that he hit the deceased with a bottle, and that nobody else hit him. He told Deputy Sheriff Felin Ford that he hit the boy, and also said, ''It's pretty bad to kill a fellow.'' He further stated in the presence of the county judge, J. T. Philpot, that Sam undertook to do something to him, or said something about killing him, and he threw a quart bottle which he had in his hand at Hammer and hit him in the head with it. In addition to this, Sam

Hammer, the deceased, made a dying statement to the effect that Clarence hit him with a bottle and there was no use of his doing it.

On the other hand, appellant denied striking the deceased and explained his admissions that he did so by saying that several of those present told him to assume the blame, and they would absolve him on the ground of self-defense. There was further evidence that the deceased made a dying statement to the effect that appellant had nothing to do with his death.

It is at once apparent that the evidence of appellant's guilt was sufficient not only to take the case to the jury, but to sustain the verdict.

One of the grounds urged for reversal is that the court erred in admitting appellant's confessions without preliminary proof that they were voluntary and not made under coercion and sweating. The rule is that, where a confession or admission by the accused is sought to be avoided on the ground that it was involuntary and made under coercion and sweating, the accused has the burden to establish such facts. Warner v. Commonwealth, 255 Ky. 361, 74 S. W. (2d) 201; Graves v. Commonwealth, 256 Ky. 777, 77 S. W. (2d) 45. Not only did appellant fail to show that the confessions were obtained by coercion or sweating, but he never objected to the evidence on that or any other ground. In the circumstances, there was no error, and, even if the court had erred, the error would not be available on appeal.

There is the further contention that there was no evidence authorizing that portion of the instructions relative to appellant's striking the deceased with "pick handles, feet, black jack," or tending to show that appellant aided anyone else in striking the deceased. While the evidence tends strongly to show that the death of the deceased was caused by his being struck with a bottle, it is not altogether clear what means were employed in bringing about his death, and we are not disposed to the view that the use of the words "pick handles, black jack," followed by the words "bottles or other hard substances," was prejudicial to appellant's substantial rights. As to the other contention, we have the dying statement of the deceased "that they was all on him," and this was sufficient to authorize an instruction on aiding and abetting.

The qualification of the self-defense instruction is attacked on the ground that there was no evidence tending to show that appellant and deceased engaged in mutual combat. There was evidence that after the deceased had been fighting with others he and appellant began fighting and this was sufficient to authorize the qualification of the self-defense instruction and the submission of the issue, whether or not they mutually engaged in a fight with the intention to injure or kill each other.

On the whole, we find no error in the record prejudicial to appellant's substantial rights.

Judgment affirmed.